UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES BIRD,
    Plaintiff,
    v.
KEEFE KAPLAN MARITIME, INC., et al.,
    Defendants.

Case No. 14-cv-03277-MEJ

**ORDER RE: MOTION TO COMPEL JOINDER**

Re: Dkt. No. 20

## INTRODUCTION

In this case for breach of contract, negligence, and breach of warranty, Plaintiff James Bird alleges that his marine vessel, Water Song, sustained damage as a result of improper services performed by Defendants Keefe Kaplan Maritime, Inc. ("KKMI") and Eric Koster dba J&H Marine.[1] Pending before the Court is KKMI's Motion to Compel Joinder. Mot., Dkt. No. 20. In its Motion, KKMI seeks to compel the joinder of Underwriters at Lloyd's of London Subscribing through Premier Marine Insurance Managers Group (USA) Inc. ("Underwriters") as required parties, pursuant to Federal Rules of Civil Procedure 19 and 21. Bird has filed an Opposition (Dkt. No. 21) and KKMI filed a Reply (Dkt. No. 23). The Court previously vacated the March 5, 2015 hearing and took the matter under submission. *See* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **DENIES** KKMI's Motion for the reasons set forth below.

## BACKGROUND

The following factual background is taken from Bird's First Amended Complaint ("FAC"). Dkt. No. 7. Bird owns a marine vessel known as the Water Song. FAC ¶ 9. KKMI and

---

[1] An Entry of Default was entered as to Eric Koster on February 18, 2015. Dkt. No. 35.

J&H Marine performed services on the Water Song pursuant to an agreement with Bird. *Id.* ¶¶ 10-11. Bird alleges that on or about July 24, 2013, the Water Song sustained severe damage due to KKMI's and J&H Marine's improper services, which resulted in a loss of the vessel's use and value and caused Bird to incur significant repair costs. FAC ¶¶ 12-13.

Based on these allegations, Bird filed his initial Complaint on July 21, 2014, alleging three causes of action: (1) breach of contract, (2) negligence, and (3) breach of warranty. Dkt. No. 1. He subsequently filed his FAC on August 11, 2014, alleging the same causes of action. FAC ¶¶ 14-16.

On December 29, 2014, KKMI filed the present Motion to Compel Joinder of Underwriters, arguing that Underwriters should be compelled to join this lawsuit as plaintiffs pursuant to Federal Rules of Civil Procedure 19. Mot. at 3.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 19 provides for the mandatory joinder of parties, commonly referred to as "necessary" parties. Rule 19(a)(1) provides that a party must be joined if that party's absence (1) would preclude the grant of complete relief, (2) would impede that party's ability to protect its interests, or (3) would subject any party to the danger of inconsistent obligations. Fed. R. Civ. P. 19(a)(1).

A Rule 19 motion requires a three-step analysis. *E.E.O.C. v. Peabody Western Coal Co.*, 610 F.3d 1070, 1078 (9th Cir. 2010) ("*Peabody I*"). First, the court must determine if the nonparty is a "person required to be joined if feasible" under Rule 19(a) and thus necessary to the action. *Id.* at 1078; *Dawavendewa v. Salt River Project Agric. Improvement & Power Dist.*, 276 F.3d 1150, 1155 (9th Cir. 2002). Second, if the nonparty "meets the requirements under Rule 19(a), 'the court … [must] determine[s] whether it is feasible to order that the absentee be joined.'" *Peabody I*, 610 F.3d at 1078 (quoting *E.E.O.C. v. Peabody Western Coal Co.*, 400 F.3d 774, 778 (9th Cir. 2005) ("*Peabody II*")). "'Finally, if joinder is not feasible, the court must determine at the third stage whether the case can proceed without the absentee' or whether the action must be dismissed." *Id.* (quoting *Peabody II*, 400 F.3d at 778). The case must be dismissed if the nonparty's interest in the action is "of such a nature that a final decree cannot be made

2

without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience." *Id.* (internal quotation omitted).

Rule 19 is designed to protect absent parties as well as those before the Court from multiple litigation, inconsistent judicial determinations, or the impairment of interests or rights. *CP Nat'l Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 911 (9th Cir. 1991). Rule 19 also is designed to further the public's interest "in avoiding repeated lawsuits on the same essential subject matter." *Id.* at 912. The determination of whether an absent party should be joined under Rule 19 is fact and circumstance specific. *N. Alaska Envtl. Ctr. v. Hodel*, 803 F.2d 466, 468 (9th Cir. 1986). Finally, subject matter jurisdiction cannot be destroyed by joining the otherwise necessary party. Fed. R. Civ. P. 19(a)(2).

## DISCUSSION

In its Motion, KKMI argues that Underwriters are a required party because they are a subrogee to the same claims asserted by Bird and because they have expressed an intention to recover damages from KKMI arising from those rights. Mot. at 2-3, 5. KKMI and Bird agree that Underwriters insured the Water Song at the time the vessel was damaged. *Id.* at 3; Opp'n at 2. However, Bird argues that Underwriters are not a required party because he has a right to recover damages from KKMI, regardless of Underwriters' right to reimbursement. Opp'n at 4-5.

The first step in a Rule 19 analysis is to determine whether Underwriters are a required party to the action. *Alto v. Black*, 738 F.3d 1111, 1125-26 (9th Cir. 2013). In doing so, the Court first asks whether complete relief can be afforded to Bird in Underwriters' absence. Fed. R. Civ. P. 19(a)(1)(A); *N.D. ex rel. parents acting as guardians ad litem v. Hawaii Dep't of Educ.*, 600 F.3d 1104, 1109 (9th Cir. 2010). In the alternative, the Court considers whether Underwriters have a legally protected interest in the subject of the suit such that their absence would (1) impede their ability to protect that interest or (2) subject Bird or KKMI to the danger of inconsistent obligations. Fed. R. Civ. P. 19(a)(1)(B); *Hawaii Dep't of Educ.*, 600 F.3d at 1109. Underwriters are a necessary party if they satisfy either test. *Dawavendewa*, 276 F.3d at 1155.

**A.     Complete Relief as to the Existing Parties**

KKMI argues that the existing parties cannot be afforded complete relief in Underwriters' absence.  Mot. at 5.  However, KKMI fails to articulate a reason why the Court is unable to afford complete relief without Underwriters' presence.

In his Opposition, Bird argues that Underwriters may not enforce their subrogation right until he has been fully compensated.  Opp'n at 4.  It is Bird's position that he has the right to bring this action against KKMI regardless of Underwriters' right to reimbursement from the recovery.  *Id.* at 5.

The "complete relief" element is "concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action."  *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983).  "This portion of the rule is concerned only with relief as between the persons already parties, not as between a party and the absent person whose joinder is sought."  *Eldredge v. Carpenters 46 N. Cal. Joint Apprenticeship & Training Comm.*, 662 F.2d 534, 537 (9th Cir. 1981) (internal quotation omitted).  As such, courts ask whether the nonparty's absence "would preclude the district court from fashioning meaningful relief as between the parties."  *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004).

Here, KKMI fails to explain why complete relief as between the current parties is not possible without Underwriters' participation.  It is clear that Bird could obtain complete relief without joining Underwriters.  Bird alleges breach of contract, negligence, and breach of warranty against KKMI and seeks monetary damages.  FAC ¶¶ 14-17.  Should Bird prove his case, he can recover complete relief from KKMI, and Underwriters are not needed to grant Bird this relief.  As such, Underwriters are not a necessary party under Rule 19(a)(1)(A).

**B.     Underwriters' Interest Relating to Action**

The Court next considers whether Underwriters may be a necessary party because Underwriters claim a legally protected interest in the subject of the suit such that a decision in their absence will (1) impair or impede its ability to protect that interest or (2) expose Bird or KKMI to a substantial risk of multiple or inconsistent obligations.  *See* Rule 19(a)(1)(B);

*Dawavendewa*, 276 F.3d at 1155.

    1.    <u>Underwriters' Ability to Protect Interest</u>

KKMI argues that Underwriters' absence will impair its ability to protect its subrogated interest. Mot. at 5. KKMI does not specify how its ability to protect its interest would be impaired, and Bird does not respond to this argument in his Opposition.

Under Rule 19, an absent party is necessary if its "participation is necessary to protect its legally cognizable interests." *Disabled Rights Action Comm.*, 375 F.3d at 880. This requires the court to ask whether the absent party's "interest will be impaired or impeded by the suit." *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990).

Underwriters may have an interest in the present action. *See United States v. Aetna Cas. & Surety Co.*, 338 U.S. 366, 380-81 (1949) ("If [an insurer] has paid only part of the loss, both the insured and insurer … have substantive rights against the tortfeasor which qualify them as real parties in interest." (internal citation omitted)). Underwriters demanded reimbursement for the costs of repairs to the Water Song in a letter sent to KKMI on September 19, 2014. Griffin Decl., Ex. A at 2, Dkt. No. 20-2. Underwriters asserted that the total paid under Bird's policy to repair the damage was $507,525.86, in addition to Bird's deductible of $5,700, for a total of $513,225.86. *Id*. The letter further indicated that "a claim is expected." *Id*.

Under Rule 19, "the finding that a party is necessary to the action is predicated only on that party having a *claim* to an interest." *Shermeon v. United States*, 982 F.2d 1312, 1317 (9th Cir. 1982) (emphasis in the original). In other words, "[j]oinder is 'contingent ... upon an initial requirement that the absent party *claim* a legally protected interest relating to the subject matter of the action.'" *Altmann v. Republic of Austria*, 317 F.3d 954, 971 (9th Cir. 2002) (quoting *Northrop Corp.*, 705 F.2d at 1043). "Where a party is aware of an action and chooses not to claim an interest, the district court does not err by holding that joinder was 'unnecessary.'" *Id.* at 971 (quoting *United States v. Bowen*, 172 F.3d 682, 689 (9th Cir. 1999)).

Here, KKMI informed Underwriters about the present action in a letter written on September 29, 2014. Griffin Decl., Ex. B, Dkt. No. 20-3. Underwriters have also submitted a declaration relating to this litigation. Dkt. No. 31. Despite their knowledge of Bird's lawsuit,

Underwriters have not asserted a formal interest in this action. Given this background, the Court finds it unnecessary to join them as a party. *See Northrop Corp.*, 705 F.2d at 1043-44 (Government was unnecessary party where it "never asserted a formal interest in either the subject matter of this action or the action itself" and "meticulously observed a neutral and disinterested posture"); *Bowen*, 172 F.3d at 689 (joinder unnecessary where absent party was aware of litigation but chose not to claim interest); *Acer, Inc. v. Tech. Properties Ltd.*, 2011 WL 1327333 at *2 (N.D. Cal. Apr. 11, 2011) (refusing to join party who declined to intervene despite having interest in subject matter and knowledge of instant litigation); *Blumberg v. Gates*, 204 F.R.D. 453, 455 (C.D. Cal. Nov. 6, 2001) ("The Court believes that it should, consistent with Rule 19, respect the decision of the absent parties [aware of litigation], who have never claimed an interest in the present litigation, to remain on the sidelines").

      2.     KKMI's Risk of Multiple or Inconsistent Obligations

KKMI further argues that Underwriters' absence leaves it subject to a substantial risk of incurring double or inconsistent obligations from different courts. Mot. at 2, 5, 7. KKMI does not explain how future judgments would be inconsistent, nor does Bird address the matter in his Opposition.

Rule 19 necessitates joinder of Underwriters if their absence will leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. Fed. R. Civ. P. 19(a)(1)(B)(ii). However, although Underwriters may pursue their own lawsuit against KKMI, subsequent litigation that results in different liabilities does not necessitate compulsory joinder. *United Kingdom Mut. Steamship Assurance Ass'n (Bermuda), Ltd. v. Cont'l Maritime of San Francisco, Inc.*, 1991 WL 354881 at *3 (N.D. Cal. Nov. 19, 1991) ("A possibility of multiple litigation with inconsistent results does not require joinder of an absent person."); *Blumberg*, 203 F.R.D. at 447 ("[T]he fact that [the defendant] might obtain different results in different cases does not establish a basis for Rule 19 joinder.").

Nor would KKMI be subject to inconsistent obligations if Underwriters were not joined in this action. "Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident. Inconsistent

adjudications or results, by contrast, occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum." *Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. California*, 547 F.3d 962, 976 (9th Cir. 2008) (quoting *Delgado v. Plaza Las Americas, Inc.*, 139 F.3d 1, 3 (1st Cir. 1998)). In this case, Bird only seeks a monetary judgment. FAC ¶ 17. Should Bird prevail, KKMI could conceivably comply with that judgment without being forced to breach another court's order regarding any claims brought by Underwriters. *See Donne v. Hart*, 2011 WL 3925129, at *8 (E.D. Cal. Sept. 7, 2011) ("Even if both Plaintiffs and [absent party] were to prevail against Defendants in separate suits, Defendants' total liability is limited to the ... loss; a recovery in one suit will be considered by the later suit in determining damage.").

Accordingly, Underwriters are not a necessary party under Rule 19(a)(1)(B) and joinder is not required. Because Underwriters are not a party "required to be joined," the Court need not consider whether joinder is feasible.

## CONCLUSION

For the reasons discussed above, the Court DENIES KKMI's Motion to Compel Joinder.

**IT IS SO ORDERED.**

Dated: March 5, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge