UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES BIRD,
    Plaintiff,

v.

KEEFE KAPLAN MARITIME, INC., et al.,
    Defendants.

Case No. 14-cv-03277-MEJ

**ORDER GRANTING MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT**

Re: Dkt. No. 49

## INTRODUCTION

In this case for breach of contract, negligence, and breach of warranty, Plaintiff James Bird alleges his marine vessel sustained damage as a result of improper services performed by Defendants Keefe Kaplan Maritime, Inc. ("KKMI") and Eric Koster dba J&H Marine.[1]  KKMI now moves pursuant to Federal Rule of Civil Procedure 14(a)(1) for leave to file a third-party complaint against Christopher Oschek, the captain of the vessel.  Dkt. No. 49.  Bird has filed an Opposition (Dkt. No. 51), and KKMI filed a Reply (Dkt. No. 53).  The Court finds this matter suitable for disposition without oral argument and VACATES the August 20, 2015 hearing.  *See* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b).  Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** KKMI's Motion for the reasons set forth below.

## BACKGROUND

Bird owns a marine vessel known as the Water Song.  First Am. Compl. ¶ 9, Dkt. No. 7.  KKMI and J&H Marine performed services on the Water Song pursuant to an agreement with Bird.  *Id.* ¶¶ 10-11.  Bird alleges that on or about July 24, 2013, the Water Song sustained severe

---

[1] An Entry of Default was entered as to Eric Koster on February 18, 2015.  Dkt. No. 35.

damage due to KKMI's and J&H Marine's improper services, which resulted in a loss of the vessel's use and value and caused Bird to incur significant repair costs. *Id.* ¶¶ 12-13.

Based on these allegations, Bird filed his initial Complaint on July 21, 2014, alleging three causes of action: (1) breach of contract, (2) negligence, and (3) breach of warranty. Dkt. No. 1. He subsequently filed his First Amended Complaint on August 11, 2014, alleging the same causes of action.

KKMI filed the present Motion on July 15, 2015, stating its counsel deposed Christopher Oschek on June 19, 2015, and believes his testimony establishes he was either wholly or partially at fault for any damage sustained by the Water Song. Mot. at 1. KKMI contends it will be entitled to indemnity and/or contribution from Oschek, should it be found responsible for any of the damage claimed by Bird. *Id.*

## LEGAL STANDARD

Federal Rule of Civil Procedure 14(a)(1) provides that a "defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." The purpose of Rule 14 is "to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." *Sw. Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986). "Therefore, courts have construed the rule liberally in favor of allowing impleader." *Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 393 (1st Cir. 1999); *Universal Green Sols., LLC v. VII Pac Shores Inv'rs, LLC*, 2013 WL 5272917, at *2 (N.D. Cal. Sept. 18, 2013).

However, "a third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereto." *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 199 (9th Cir. 1988); *see also Great Am. Ins. Co. v. Chang*, 2013 WL 183976, at *2 (N.D. Cal. Jan. 17, 2013). "The crucial characteristic of a Rule 14 claim is that [the] defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff" and so "[t]he mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough." *Stewart*,

2

1  845 F.2d at 200 (internal quotation omitted).

2  "The decision to allow a third-party defendant to be impleaded under rule 14 is entrusted
3  to the sound discretion of the trial court." *United States v. One 1977 Mercedes Benz*, 708 F.2d
4  444, 452 (9th Cir. 1983). In exercising its discretion, the Court must "balance the desire to avoid a
5  circuitry of actions and to obtain consistent results against any prejudice that the plaintiff might
6  suffer from complications of the case." *Irwin v. Mascott*, 94 F. Supp. 2d 1052, 1056 (N.D. Cal.
7  2000) (quoting *Somportex Ltd. v. Phil. Chewing Gum Corp.*, 453 F.2d 435, 439 n.6 (3d Cir.
8  1971)). In making this determination, courts usually consider the following factors: (1) prejudice
9  to the original plaintiff; (2) complication of issues at trial; (3) likelihood of trial delay; and (4)
10 timeliness of the motion to implead. *Id*.

## DISCUSSION

KKMI seeks leave to file a third-party complaint against Oschek based upon evidence it obtained during his June 19 deposition, which it alleges demonstrates his liability for all or part of the damages Bird claims. Mot. at 8. KKMI provides the following allegations regarding Oschek, which it states were previously unknown to it: (1) He did not carry out a reasonable pre-voyage inspection of the Water Song; (2) he did nothing to insure the swim step hatch was sealed so the swim step compartment would not take on water; (3) he did nothing to insure the other two swim step hatches were sealed against the incursion of seawater; (4) he did not discover the holes between the swim step compartments and the lazarette to insure that, if water entered the swim step compartments at the back of the vessel, it would not progress into the lazarette; (5) he did not monitor the National Oceanic and Atmospheric Administration weather broadcasts for the time and location into which he navigated the vessel; (6) he navigated the vessel directly into the coastal area for which advisories had been given; (7) he kept no record and has no record of carrying out regular checks of the vessel's various compartments during the voyage, which would include checking the master stateroom, lazarette, and swim step; and (8) he did not discover the water incursion until it had already flooded the swim step and lazarette. *Id.* at 4-6.

Bird counters he will suffer prejudice if the Court permits KKMI to file its third-party complaint because he disclosed Oschek as the captain of the Water Song in his initial disclosures

1    in December 2014, yet KKMI did not depose him until June 2015.  Opp'n at 2.  He also notes the

2    deadline to seek leave to amend pleadings was March 2, 2015, discovery closes in less than one

3    month, and trial is scheduled for December 2015.  *Id.*  Bird argues a third-party complaint against

4    Oschek will necessitate a continuance of all discovery and trial deadlines.  *Id.* at 3.

5      Having reviewed the parties' positions, the Court finds the Motion should be granted.

6    First, regarding Bird's contention that some delay in trial will arise due to the third-party

7    complaint, there is no showing that any delay would be substantial enough to outweigh the gains

8    in judicial efficiency accomplished by obviating the need for a separate action by KKMI against

9    Oschek.  *See Rozay's Transfer*, 791 F.2d at 777 ("The purpose of [Rule 14] is to promote judicial

10   efficiency by eliminating the necessity for the defendant to bring a separate action against a third

11   individual who may be secondarily or derivatively liable to the defendant for all or part of the

12   plaintiff's original claim.").  Therefore, the delay in resolution of this case caused by permitting

13   the third-party complaint does not justify denying the Motion.

14     Second, because Oschek will already be a witness at trial, and his involvement in the

15   damages sustained to the Water Song will likely be litigated regardless of whether KKMI is

16   permitted to file a third-party complaint, the Court finds granting the Motion would not

17   substantially complicate trial.  To the extent KKMI has an actionable claim against Oschek,

18   resolving all disputes in one litigation would "avoid a circuitry of actions" and inconsistent results.

19   *Irwin*, 94 F. Supp. 2d at 1056.  With discovery still open and the parties prepared to attend

20   mediation later this month, Bird does not show that any delay would be substantial enough to

21   outweigh the benefit of resolving all issues in one proceeding.  *See Susilo v. Robertson*, 2013 WL

22   4213902, at *4 (C.D. Cal. Aug. 14, 2013).  Further, as to any prejudice Bird might claim if

23   Oscheck is brought in, the Court could entertain a motion to bifurcate if any party is able to make

24   a strong showing that trying all claims at the same time would prejudice that party's case.

25     Third, regarding its delay in filing this Motion, KKMI maintains that prior to taking

26   Oschek's deposition, no other evidence obtained in discovery revealed Oschek's alleged acts and

27   omissions.  Mot. at 6.  KKMI contends it was not until Bird's deposition in May 2015, when

28   KKMI learned Bird was only able to testify as to basic information following the incident based

on what Osckek verbally told him, that KKMI realized it needed to depose Oschek. *Id.* at 7. Further, part of the delay was due to the need to resolve KKMI's prior motion to bring Bird's insurer into the action. Dkt. No. 20. After the Court denied that motion on March 5, 2015 (Dkt. No. 39), KKMI subpoenaed the insurer's records on March 6, 2015, intending to depose Bird after the records were produced. Reply at 3. Given this procedural delay, Plaintiff does not offer any explanation regarding why KKMI should have uncovered this information sooner, and the Court therefore finds no grounds for denying the Motion due to KKMI's delay. *See Susilo*, 2013 WL 4213902, at *4 (finding no reason to doubt defendants' assertion that they uncovered the relevant agreement during discovery); *cf. Zero Tolerance Entm't, Inc. v. Ferguson*, 254 F.R.D. 123, 127-28 (C.D. Cal. 2008) (denying leave where defendant waited three months from the time when it had clear notice of the third-party claim to request impleader). The Court has no reason to believe KKMI makes this assertion in bad faith. Regardless, even if the Motion could have been brought earlier, the Court is not persuaded that this delay alone justifies denying KKMI's request. *See Square 1 Bank v. Lo*, 2014 WL 1154031, at *3 (N.D. Cal. Mar. 20, 2014) (failure to bring Rule 14 motion in a timely fashion, without more, is not valid reason to deny motion).

## CONCLUSION

The Court finds each factor weighs in favor of allowing KKMI's third-party complaint against Oschek. The benefit of resolving the entire dispute in one case outweighs any resulting prejudice or delay to Bird. Accordingly, for the reasons discussed above, the Court **GRANTS** KKMI's Motion. KKMI shall e-file its complaint by August 7, 2015 (no chambers copy is required). The parties, including Oschek, shall appear for a Case Management Conference on September 10, 2015. The parties shall file a joint case management statement by September 3, 2015.

**IT IS SO ORDERED.**

Dated: August 6, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge